# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ERICA McCLOUD**<br>3714 Bainbridge Road<br>Cleveland, OH 44118,<br>　　　**Plaintiff**<br>　　v.<br><br>**RUST-OLEUM CORPORATION,**<br>11 E. Hawthorn Parkway<br>Vernon Hills, IL 60061<br><br>**And**<br><br>**HOME DEPOT USA, INC.**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br>　　　　　　　**Defendants** | Case No. 5:23-cv-01141<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby demands judgment against Defendants, and complains against them as follows:

## PARTIES

1. Plaintiff, Erica McCloud (hereinafter "Plaintiff") was, at all times relevant hereto, an adult individual and Ohio citizen who was the owner and occupant of the residential property located at 3714 Bainbridge Road in Cleveland, Ohio 44118 (hereinafter the "subject property").

2. At all times relevant hereto, Defendant, Rust-Oleum Corporation (hereinafter "Rust-Oleum") was and is, upon information and belief, a Delaware corporation with its primary place of business at the above-captioned address, and was authorized to do business within the State of Ohio.

3. Upon information and belief, Rust-Oleum is in the business of, *inter alia*, designing, formulating, manufacturing, testing, packaging, labeling, marketing, selling, and/or distributing stains and surface preparation products such as, *inter alia*, Rust-Oleum/Varathane wood stain.

4. Defendant, Home Depot USA, Inc. ("Home Depot") was, upon information and belief, at all times material hereto, a Delaware corporation with its principal place of business at at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania.

5. Home Depot is in the business of, *inter alia*, selling, distributing and/or marketing Consumer products including the wood stains used by Plaintiff and at issue in this case, which were sold by Home Depot prior to the fire as more fully described below.

**JURISDICTION AND VENUE**

6. Jurisdiction is based on 28 U.S.C §1332(a)(1) as this action involves a controversy between citizens of different states; namely, Plaintiff being a citizen and resident of the State of Ohio and Defendants being corporations organized, existing under the laws of the State of Delaware and headquartered within the State of Illinois (Rust-Oleum) and Georgia (Home Depot) respectively. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of one or more of the events giving rise to the claims occurred, and where substantial property that is the subject of this action is situated; namely, Cuyahoga County, Ohio.

**FACTUAL BACKGROUND**

8. On or prior to August 28, 2022, Plaintiff purchased from Home Depot for use at the subject property, one or more containers of Rust-Oleum/Varathane Wood Stain (hereinafter "the subject stain product"), a product designed, formulated, produced, packaged, labeled, marketed, sold and/or distributed, by Rust-Oleum.

9. On or about August 28, 2022, Plaintiff applied the subject stain product to flooring upon the second floor of the subject property.

10. When the work was finished that day, the application materials containing and/or saturated with the subject stain product were placed in a container on the stair landings (near the top of the steps) on the floor near the recent staining.

11. Later that same day, a fire erupted at the subject property, and arose from the spontaneous combustion of the application materials saturated with the subject product.

12. The fire resulted in extensive damage to Plaintiff's real and personal property, as well as, the imposition of additional expenses and hardship.

13. As a direct and proximate result, Plaintiff sustained the damages described herein in an amount in excess of $75,000.00.

## COUNT I
### Defective Design or Formulation (Ohio St. 2307.75)
### Plaintiff v. Rust-Oleum

14. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

15. At all relevant times hereto, Defendant Rust-Oleum were engaged in the business of designing, formulating, manufacturing, producing, packaging, marketing, labeling and/or selling and placing into the stream of commerce the subject stain product at issue in this case.

16. Plaintiff was the intended user/consumer of the subject stain product that was formulated, manufactured, distributed, tested, packaged, marketed, labeled and/or sold by Defendant Rust-Oleum.

17. Defendant Rust-Oleum expected that the subject stain product would reach users and consumers thereof without any material change in its condition or design.

18. The subject stain product reached Plaintiff without any material change in condition or design.

19. The subject stain product was not modified, changed, altered or abused by Plaintiff or other users prior to or during its use.

20. Defendant Rust-Oleum knew and intended that the subject stain product would be used by members of the general public, and knew of the specific uses, purposes and requirements for which the subject stain product would be utilized.

21. The subject stain product was defective and unreasonably dangerous in the following particular aspects:

    (a) failed to properly and safely eliminate the avoidable danger of self-heating and/or spontaneous combustion;

(b) contained the propensity of self-heating and/or spontaneous combustion if materials used in the application of the aforementioned product were not properly disposed of and/or discarded;

(c) these defects were exacerbated because Defendant Rust-Oleum failed to adequately warn that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion; and/or

(d) these defects were exacerbated because Defendant Rust-Oleum failed to provide adequate information, instructions or warnings concerning the safe disposal of materials exposed to or affected by the product and byproducts;

22. These defective and dangerous conditions of the subject stain product proximately caused the fire to occur at the subject property, which resulted in the aforementioned damages to Plaintiff.

23. At the time the subject product left the control of Defendant Rust-Oleum, the foreseeable risks associated with its design or formulation, as referenced above, exceeded any benefits associated with that design or formulation.

24. Therefore, Defendant Rust-Oleum is statutorily and strictly liable to Plaintiff under the applicable case law/statutes of the State of Ohio and the Ohio Products Liability Act (Ohio Revised Code 2307.71 to 2307.80).

25. As noted above, as a result of the fire, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

26. As a direct and proximate result, Plaintiff also suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Rust-Oleum, individually, jointly, severally and/or otherwise, for damages, in an amount in excess of

$75,000.00, plus interest, costs, attorney's fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**COUNT II**
**Inadequate warning or instruction (Ohio St. 2307.76)**
**Plaintiff v. Rust-Oleum**

27. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

28. The subject stain product was defective and unreasonably dangerous due to inadequate warnings or instructions, as further described here:

    (a) Defendant Rust-Oleum knew of the aforementioned risk of spontaneous combustion caused the underlying fire event, and that numerous consumers and/or users would be unaware of the risk (and/or the physical self-heating phenomena);

    (b) Defendant Rust-Oleum failed to provide the warning or instructions that a manufacturer exercising reasonable care would have provided concerning such risk, in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks to recover compensatory damages and in light of the likely seriousness of that harm; and

    (c) The risk of spontaneous combustion was not an open and obvious risk, or a risk that is a matter of common knowledge amongst users of the product.

29. This defective and dangerous condition of the subject stain product proximately caused the fire to occur at the subject property, which resulted in the aforementioned damages to Plaintiff.

30. Therefore, Defendant Rust-Oleum is statutorily and strictly liable to Plaintiff under the applicable case law/statutes of the State of Ohio and the Ohio Products Liability Act (Ohio Revised Code 2307.71 to 2307.80).

31. As noted above, as a result of the fire, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

32. As a direct and proximate result, Plaintiff also suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Rust-Oleum, individually, jointly, severally and/or otherwise, for damages, in an amount in excess of $75,000.00, plus interest, costs, attorney's fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III
### NEGLIGENCE
### Plaintiff v. Home Depot

33. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

34. Defendant Home Depot owed a duty of reasonable care to Plaintiff regarding, inter alia, the sale, marketing, and notification of dangers to purchasers of its products, including the subject stain product; and said duty was breached as described herein.

35. Prior to the underlying sale of the subject stain product and the subject fire, Defendant Home Depot was well aware of the spontaneous combustion characteristics of the subject stain product, as well as, similar oil-based stains produced by Rust-Oleum and other manufacturers, all of which Defendant Home Depot sold to customers.

36. Prior to the underlying sale of the subject stain product and the subject fire, Defendant Home Depot was well aware of the elevated numbers of spontaneous combustion

fires resulting from the subject stain product and from similar oil-based stains produced by Rust-Oleum and other manufacturers, all of which Defendant Home Depot sold to customers.

37. Prior to the underlying sale of the subject stain product and the subject fire, Defendant Home Depot was well-aware of the inadequate and unsafe warnings provided on the labels of the subject stain product, as well as, on the labels of similar oil-based stains produced by Rust-Oleum and other manufacturers that Defendant Home Depot sold to customers.

38. Prior to the underlying sale of the subject stain product and the subject fire, innumerable fire incidents and claims had been brought to the attention of Defendant Home Depot and/or asserted against Defendant Home Depot for fires resulting from the spontaneous combustion of materials containing similar oil-based stains produced by Rust-Oleum and other manufacturers, and which Defendant Home Depot had sold to customers.

39. Defendant Home Depot was aware of such fires, and such liability claims and lawsuits arising from such fires, and that such fires had occurred despite the warnings on the labels, and/or as a result of such inadequate warnings on the labels.

40. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Defendant Home Depot, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    (a) failing to exercise reasonable care in the following manner:

        i. failing to market and sell a safe, non-defective product;
        ii. marketing and/or selling the products with adequate warnings or instructions onsite at the retail stores or online when Defendant Home Depot knew or should have known that the products would be unsafe for the reasons for which purchased;

    iii.  failing to provide supplemental and proper warnings on its website to customers as to the risks and hazards of using oil-based stains produced by Rust-Oleum and other manufacturers; and/or

    v.  failing to provide in-store supplemental instructions or warnings as to proper disposal of the product to customers as to oil-based stains produced by Rust-Oleum and other manufacturers

 (b) failing to adequately instruct and supervise its employees, agents, technicians, vendors, subcontractors, and/or servants so as to avoid the problems set forth above;

 (c) failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in the subparagraphs above;

 (e) failing to perform the services above in conformity with the prevailing industry and governmental specifications and standards; and/or

 (f) failing to comply with applicable rules, regulations, codes, industry standards, statutes and/or ordinances.

41. Defendant Home Depot owed Plaintiff a number of duties and breached said duties based upon the liability producing conduct noted in the above paragraph.

42. As a direct and proximate result of such negligence and carelessness of Defendant Home Depot, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

43. As a direct and proximate result of the negligence and carelessness of Defendant Home Depot, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

44. These acts of negligence are separate and distinct from the claims in the above Counts against Defendant Rust-Oleum for product liability as a manufacturer, and merely relate

to Defendant Home Depot's duties as a retail seller of products, as no claim is being asserted against Defendant Home Depot for the defective design or formulation of the product, or for inadequate warnings or instructions provided by the manufacturer.

45. Plaintiff's negligence cause of action against Defendant Home Depot makes no allegations regarding the manufacturer of the product, and thus Ohio St. 2307.71(A)(13)(b) has no application to the claim.  *See* Ohio St. 2307.78(A)(1).

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant, Home Depot USA, Inc., individually, jointly, severally and/or otherwise, for damages, in an amount in excess of $75,000.00, plus interest, costs, attorney's fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by right to jury.

Respectfully Submitted,

**de LUCA LEVINE LLC**

*/s/ Matthew Connolly*

**Dated:**  June 7, 2023           **BY:** _____
Matthew Connolly, Esq. (Bar No. 0097529)
301 East Germantown Pike, 3rd Floor
East Norriton, PA 19401
Phone:  (215) 383-0081
Fax:  (215) 383-0082
E-mail:  mconnolly@delucalevine.com

*Attorneys for Plaintiff*